AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BATTLE and KETINA BATTLE, Plaintiffs, v. COUNTRYWIDE HOME LOANS, INC. FREMONT INVESTMENT & LOAN COMPANY, and WM SPECIALTY MORTGAGE, LLC., Defendants. | No. 05 C 3022 |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion to remand. For the reasons stated below, we deny the motion to remand without prejudice.

## BACKGROUND

Plaintiffs allege that on August 23, 2002 they executed a Note and Mortgage in the amount of $100,000 secured by a first lien on their personal residence in connection with a refinance loan on the subject property ("Property") in favor of Defendant Fremont Investment and Loan Company ("Fremont"). Plaintiffs allege

1

that they also executed a similar note on August 23, 2002, in the amount of $25,000 to be secured by a second lien position on their personal residence in connection with a refinance loan on Property in favor of Fremont. Plaintiffs allege that in January 2003, they received notice that the servicing of the first mortgage was being transferred or assigned to Defendant Countrywide Home Loan Company ("Countrywide"). Plaintiffs claim that without their permission Countrywide created an escrow account to pay Plaintiffs' real estate taxes. According to Plaintiffs, they became delinquent in their mortgage payments because Countrywide was requesting "unlawful and exorbitant" escrow payments. Defendant WM Specialty Mortgage LLC ("WM") filed suit against Plaintiffs on December 9, 2004 seeking to foreclose their interest in the Property. Plaintiffs brought the instant action in the Illinois Circuit Court of Cook County, Illinois. The complaint includes a claim alleging an Illinois Interest Act claim (Count I), an Illinois Consumer Fraud and Deceptive Business Act claim (Count II), and a negligence claim (Count III). This action was subsequently removed to federal court. Plaintiffs now seek to have the action remanded back to state court.

## LEGAL STANDARD

Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely. 28 U.S.C. § 1446. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529-32 (7th Cir. 2004). The party seeking to remove an action and

invoking federal jurisdiction "bears the burden of demonstrating that removal is proper." *Id.* A motion to remand a case to state court that is based "on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Seventh Circuit has cautioned that "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum" and that "[a]ny doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## DISCUSSION

Plaintiffs argue that the instant action should be remanded because Defendants failed to file their notice of removal in a timely fashion. Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446 (emphasis added). Plaintiffs claim that on April 12, 2005 they served WM with a copy of a summons and complaint via U.S. first class certified mail with receipt requested to Kerry K. Killinger ("Killinger"), CEO of WM, which was received on

3

April 18, 2005. Plaintiffs argue that although there was not formal service on WM, the mailing of materials falls within the phrase "through service or otherwise" in 28 U.S.C. § 1446. Plaintiffs contend that the 30 day deadline for the filing of a notice of removal ran from April 18, 2005, and that Defendants did not file their notice of removal until May 20, 2005, which was beyond the 30 day limit.

Defendants first argue that Plaintiffs did not serve WM or properly notify WM for purposes of 28 U.S.C. § 1446. Defendants argue that Plaintiffs sent the complaint and summons to Washington Mutual, Inc., a non-party to this action and that Killinger is the CEO of Washington Mutual, Inc. and not the CEO of WM. Defendants state that WM is merely a far removed subsidiary of Washington Mutual, Inc. In support of Defendants' contentions that Washington Mutual, Inc. is not closely connected to WM Defendants have provided a declaration of William Lynch which contains various conclusory statements and legal conclusions regarding WM's relationship to Washington Mutual, Inc. Plaintiffs argue that they believe that WM and Washington Mutual, Inc. share the same principal place of business and that there are ties between WM and Washington Mutual, Inc. Plaintiffs question the conclusory statements provided by Lynch, but contend that in order to rebut the statements in the declaration they need limited discovery to acquire the necessary information. We agree that Defendants should not be allowed to side-step the key issue at hand by providing a bare-boned declaration with unverified information. Therefore, we deny Plaintiffs' motion to remand without prejudice and grant the parties leave to conduct limited discovery regarding WM's relationship to other

4

corporate entities and to Killinger. The discovery must be completed by September 29, 2005. Plaintiff is given leave to file a new motion to remand by October 6, 2005. Defendants' answer brief is due October 13, 2005, and the reply is due on October 20, 2005. The court will rule by mail on the motion to remand if one is filed by Plaintiffs. We note that Defendants currently have a motion to stay the instant proceedings and compel arbitration pending in this court. However, as previously stated in open court, we must first resolve any motion to remand and determine if the instant action was properly removed from state court and is properly before this court before we proceed onward as to other issues.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion to remand without prejudice. The parties are given leave to conduct limited discovery regarding WM's relationship to other corporate entities and to Killinger. Discovery must be completed by September 29, 2005. Plaintiff is given leave to file a new motion to remand by October 6, 2005. Defendants' answer brief is due October 13, 2005, and the reply is due on October 20, 2005.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 15, 2005